UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYRESE C. WINTERS,

    Plaintiff,

v.      CAUSE NO.: 3:19-CV-263-RLM-MGG

SOUTH BEND POLICE DEPT.,

    Defendant.

## OPINION AND ORDER

Tyrese C. Winters, a prisoner without a lawyer, filed a complaint. This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Winters alleges that, on April 1, 2018, the South Bend Police Department removed him from his living quarters based on a fraudulent report. He was then held in custody until July 10, 2018, when the criminal charges filed against him were dismissed. For his injuries, he seeks damages.

Mr. Winters asserts that the South Bend Police Department violated his right against unreasonable searches and his right to due process. To pursue a claim under Section 1983 against a local government unit, a plaintiff must show that his injury was the result of that unit's official policy or custom. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Winters doesn't challenge any policy or practice of the South Bend Police Department. Moreover, in the City of South Bend, the mayor supervises and controls the police department and appoints the department head. South Bend Ordinance § 2-13, available at https://library.municode.com/in/south_bend/codes/code_of_ordinances. Because the South Bend Police Department has no separate legal existence from the City of South Bend, the police department isn't a suable entity. See Fain v. Wayne Cty. Auditor's Office, 388 F.3d 257, 261 (7th Cir. 2004); Argandona v. Lake Cty. Sheriff's Dep't, 2007 WL 518799, at *3 (N.D. Ind. 2007). Mr. Winters can't proceed against the South Bend Police Department.

The court will allow Mr. Winters to file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved form – Prisoner Complaint (INND Rev. 8/16) – is available upon request from the jail law library. On the amended complaint, he must put the cause number of this case which is on the first page of this order.

For these reasons, the court GRANTS Tyrese C. Winters until May 9, 2019, to file an amended complaint If he doesn't respond by that deadline, this case may be dismissed without further notice.

SO ORDERED on April 9, 2019

                s/ Robert L. Miller, Jr.
                JUDGE
                UNITED STATES DISTRICT COURT